UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LUTHER BRADY TANSIL #383204,

          Petitioner,

v.                                            Case No. 1:05-CV-592

CINDY S. CURTIN,                         HON. GORDON J. QUIST

          Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Petitioner's objections to the Magistrate Judge's Report and Recommendation issued on 3 July 2008, in which the magistrate judge recommended that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. The Court has conducted a de novo review of the report and recommendation pursuant to Fed. R. Civ. P. 72(b) and concludes that it should be adopted by the Court.

Petitioner argues that his guilty plea was not voluntary and intelligent because he believed the sentencing range specified by the sentencing guidelines represented the minimum and maximum recommended sentences for each count of armed robbery to which he pled guilty. The guidelines actually represented only the range of the recommended minimum sentence. Petitioner claims he would not have pled guilty had he understood that the range specified by the sentencing guidelines represented only the range of the recommended minimum sentence.

Petitioner's claim that he misunderstood the implications of the sentencing guidelines is implausible in light of the record. Counsel stated at the sentencing hearing, "I thoroughly explained to him that the minimum . . . was the minimum guideline range, and that the maximum would be

set by the Court, at the Court's discretion." (Sentencing Trans. at 5-6.) In addition, at the sentencing hearing, the sentencing judge informed Petitioner that the upper end of the sentencing range limited only the recommended minimum sentence and reminded Petitioner that the Court could sentence Petitioner to as much as life. (*Id*. at 7.) After being so informed, Petitioner did not ask that he be allowed to withdraw his plea. Furthermore, even if Petitioner believed the upper end of the sentencing range represented the maximum recommended sentence, Petitioner was aware that the maximum sentence for each count of armed robbery was life, (Plea Trans. at 8), and that the sentence imposed could be outside the sentence recommended by the guidelines. (*Id*. at 11, 17.)

Petitioner has not presented the clear and convincing evidence necessary to overcome the presumption that his plea was knowing, voluntary, and intelligent. *See United States v. Stephens*, 906 F.2d 251, 254 (6th Cir. 1990); *United States v. Hodges*, 259 F.3d 549, 553-54 (6th Cir. 2001). Furthermore, Petitioner's claim that the sentencing court erred when it failed to ask Petitioner if he wanted to withdraw his guilty plea after Petitioner stated he had previously understood the guidelines to represent both the recommended minimum and maximum is without merit. Assuming, *arguendo*, the sentencing court was so obliged, any error was harmless because Petitioner "[wa]s informed of the maximum penalty and that penalty markedly exceed[ed] the penalty" imposed. *United States v. Syal*, 963 F.2d 900, 906 (6th Cir. 1992). Accordingly, the Court rejects Petitioner's claim that his plea was not knowing, voluntary, and intelligent.

The Court rejects Petitioner's argument that he received ineffective assistance of counsel. The credible evidence suggests only that Petitioner entertained doubts about his decision to plead guilty; Petitioner does not demonstrate he would have withdrawn his plea had counsel visited him before sentencing, as he allegedly requested. Furthermore, even if Petitioner intended to withdraw his plea, he was not prejudiced by his attorney's actions. The letters Petitioner has presented indicate Petitioner was considering withdrawing his plea because he believed he could negotiate a

better bargain.  Neither the desire to strike a more favorable deal nor a misunderstanding of the sentencing guidelines is grounds for withdrawing a guilty plea.  *See Stephens*, 906 F.2d at 254; *United States v. Ruiz*, 536 U.S. 622, 630, 122 S.Ct. 2450, 2456 (2002).

The Court also rejects Petitioner's final claim, that his Fourth Amendment right to be free from unreasonable searches and seizures was violated because Petitioner cannot through a habeas petition wage a collateral attack on his guilty plea on the grounds of "an antecedent constitutional infirmity."  *Tollett v. Henderson*, 411 U.S. 258, 266-67, 93 S.Ct. 1602, 1608 (1973).  Petitioner waived those arguments when he pled guilty.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong.  Thus, the Court will deny Petitioner a certificate of appealability.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued 4 August 2008 (docket no. 28) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's *habeas corpus* petition is **DISMISSED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

This case is **concluded**.


Dated:  September 12, 2008                           _/s/ Gordon J. Quist_
                                            GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE